UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPRING MAY CUSTER,<br><br>               Petitioner,<br>   v.<br>ALLERY K. MARQUEZ-ESPINO, et al.,<br><br>               Respondents. | Case No. 2:19-cv-01633-RFB-VCF<br><br>ORDER |

Petitioner Spring May Custer has filed a Petition for a Writ of Habeas Corpus. Custer also indicates that she seeks a stay of these federal proceedings until her state habeas petition is resolved. See ECF No. 1 at 2, 12. She states that a stay is necessary to ensure that her federal petition is timely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

In Pace v. DiGuglielmo the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if she or he is waiting for a final decision from

1

the state courts as to whether the state petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. 544 U.S. 408, 416 (2005); see also Rudin v. Myles, 766 F.3d 1161, 1174 (9th Cir. 2014).

Custer asks this Court to consider her federal petition as a protective petition and grant a stay and abeyance until her state-court proceedings conclude. Custer did not file a separate Motion for Stay. However, it appears that a dismissal of this petition without prejudice could materially affect a later analysis of any timeliness issue with regard to a new federal action.[1] The Court therefore concludes that a stay is appropriate in this instance. Petitioner at all times remains responsible for properly exhausting her claims and for calculating the running of the federal limitation period as applied to her case.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall ELECTRONICALLY SERVE the Petition (ECF No. 1) on Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents. No action by Respondents is required unless and until further ordered by the Court.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

. . .

. . .

. . .

. . .

. . .

---

[1] See Custer (Spring) v. State, No. 77371, 2019 C-Track (Nev. Jan. 22, 2019) (Appellate Case Management System); Custer (Spring) v. State, No. 79495, 2019 C-Track (Nev. Sept. 10, 2019) (Appellate Case Management System).

2

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon Petitioner returning to federal court with a Motion to Reopen the case within **45 days** of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the Court grants a Motion to Reopen the matter.

DATED: 26 November 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE