UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPRING MAY CUSTER,<br><br>　　　　　　Petitioner,<br>　v.<br>ALLERY K. MARQUEZ-ESPINO, *et al.*,<br><br>　　　　　　Respondents. | Case No. 2:19-cv-01633-RFB-VCF<br><br>**ORDER** |

**The court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.**

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 26, 2019, this court granted a stay and administratively closed petitioner Spring May Custer's federal habeas corpus action while she litigated her state petition. ECF No. 3.

Custer states that her state-court proceedings have concluded, and she now returns to this court seeking to reopen this case (ECF No. 5). Good cause appearing, this action is reopened, and the court now sets a further briefing schedule.

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen this action (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED**, as the stay is lifted by this order, that the Clerk REOPEN THE FILE in this action.

**IT IS FURTHER ORDERED** that respondents file a response to the petition, including potentially by motion to dismiss, within **90 days** of the date of this order, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the

local rules.  Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further should be identified by the number of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of **any responsive pleading or motion and INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Send courtesy copies to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED: October 8, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**