UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPRING MAY CUSTER,<br><br>        Petitioner,<br>v.<br><br>ALLERY K. MARQUEZ-ESPINO, *et al.*,<br><br>        Respondents. | Case No. 2:19-cv-01633-RFB-VCF<br><br>ORDER |

Respondents have answered the remaining claim in Spring May Custer's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. (ECF No. 12). The answer was served on Custer via U.S. Mail at her address of record but was returned as undeliverable.[1] As discussed below, her petition is denied.

### I. PROCEDURAL BACKGROUND

In April 2018, Custer pleaded guilty to theft related to the embezzlement of over $120,000 from her employer. Exh. 5.[2] The state district court sentenced her to a term of 19 to 72 months. Exh. 7. Judgment of conviction was entered on August 28, 2018. Exh. 8.

The Nevada Supreme Court dismissed Custer's untimely appeal for lack of jurisdiction in December 2018. Exh. 15. The Nevada Court of Appeals affirmed the denial of her state postconviction habeas corpus petition in July 2020. Exh. 31.

---

[1] The Nevada Department of Corrections website reflects that Custer was released from custody sometime after December 2019.

[2] Exhibits referenced in this Order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9-10.

Custer dispatched her federal habeas petition for mailing on or about July 2019 (ECF No. 1). Respondents have now answered the remaining claim of Custer's Petition: Ground 3 for ineffective assistance of counsel ("IAC") (ECF No. 12).

## II.     LEGAL STANDARD AND APPLICABLE LAW

### a. AEDPA Standard of Review

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standards for this Court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693-94 (2002). A court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)); see also Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

2

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." Lockyer, 538 U.S. at 73 (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000), and citing Bell, 535 U.S. at 694)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer, 538 U.S. at 74 (quoting Williams, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. Id. (quoting Williams, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. E.g., Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. Id. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." Id. at 973. Rather, the AEDPA requires substantially more deference:

> . . . . [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir.2004); see also Lambert, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. Cullen, 563 U.S. at 181.

///

3

### b. Ineffective Assistance of Counsel

IAC claims are governed by the two-part test announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. <u>Williams</u>, 529 U.S. at 390-91 (citing <u>Strickland</u>, 466 U.S. at 687). To establish ineffectiveness, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. <u>Id.</u> To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> A reasonable probability is "probability sufficient to undermine confidence in the outcome." <u>Id.</u> Additionally, any review of counsel's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. <u>Strickland</u>, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. <u>Id.</u>

Ineffective assistance of counsel under <u>Strickland</u> requires a showing of counsel's deficient performance resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." <u>Rompilla v. Beard</u>, 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the IAC claim is based on a challenge to a guilty plea, the <u>Strickland</u> prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

If the state court has already rejected an IAC claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the <u>Strickland</u> standard. <u>See</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u>

The United States Supreme Court has described federal review of a state supreme court's decision on an IAC claim as "doubly deferential." <u>Cullen</u>, 563 U.S. at 190 (quoting <u>Knowles v.</u>

4

Mirzayance, 556 U.S. 111, 123 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" Id. (internal citations omitted). Moreover, federal habeas review of an IAC claim is limited to the record before the state court that adjudicated the claim on the merits. Cullen, 563 U.S. at 181-84. The Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding IAC claims:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," id. at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S. at 123. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at 124. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 104 (quoting Strickland, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Id. (internal quotations and citations omitted).

Custer pleaded guilty upon the advice of counsel, thus she "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice she received from counsel was [ineffective,] . . . . and that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 56-57, 59 (1985); Lambert v. Blodgett, 393 F.3d 943, 980-981 (9th Cir. 2004).

### III.     INSTANT PETITION

Under Ground 3, Custer contends that her counsel was ineffective because he induced her to plead guilty by leading her to believe that she would only be sentenced to probation (ECF No.

5

1 at 9-12). Custer waived her appearance at the entry of her plea because she was living in Alaska. See Exh. 3 at 6; Exh. 6. She pleaded guilty in absentia, and the agreement provided:

> I understand that as a consequence of my plea of guilty the Court must sentence me to imprisonment in the Nevada Department of Corrections for a minimum term of not less than ONE (1) year and a maximum term of not more than TEN (10) years.

Exh. 5 at 3.

Custer's counsel attached his certification to the guilty plea agreement indicating that he advised her of the penalties for the charges and the potential restitution. He also certified that to his knowledge Custer understood the consequences of entering into the plea agreement, and that Custer signed the agreement voluntarily. Exh. 5 at 7.

Custer insists that her counsel told her she would get probation and also attached an email from him to her that she presented during her state postconviction litigation:

> The State would retain the right to argue at sentencing, but we would have a really good chance at probation considering your lack of criminal history and the significant restitution that is owed here. It's of far greater benefit for you to remain out of custody and on probation so that you have the ability to actually repay your restitution. You would also be able to transfer any grant of probation back to where you reside.

Exh. 18 at 31.

Parole and Probation recommended 14 to 60 months' probation and over $121,000 in restitution. Exh. 18 at 50. As Custer's counsel informed her, the State retained the right to argue. At sentencing the State urged the court that her offense warranted incarceration and argued for a term of 28 to 72 months. See Exh. 7. The Court sentenced Custer to a term of 19 to 72 months. Id. at 20.

The Nevada Court of Appeals affirmed the denial of this claim in Custer's state postconviction petition:

> Custer claimed her counsel was ineffective for failing to explain the consequences of her guilty plea and causing her to believe she would be sentenced to probation. Custer supported this claim with an email purportedly from counsel in which counsel told Custer that he believed she had a good chance of receiving

> probation. However, in the email, counsel did not provide any assurances or guarantee Custer would actually receive probation. Moreover, in the written plea agreement, Custer acknowledged that she understood the potential penalties she faced by entry of her guilty plea, she had not been promised or guaranteed a particular sentence, and she understood her ultimate sentence was to be determined by the sentencing court. In light of the record, Custer failed to demonstrate her counsel's performance fell below an objective standard of reasonableness or a reasonable probability she would have refused to plead guilty and would have insisted on proceeding to trial had counsel further discussed this issue with her. Therefore, we conclude the district court did not err by denying this claim.[FN 1]
>
> [FN 1: To the extent Custer asserted her guilty plea was invalid because she believed she would be placed on probation, Custer failed to demonstrate withdrawal of her guilty plea was necessary to correct a manifest injustice. <u>See</u> NRS 176.165.

Exh. 31 at 3.

Custer was originally charged with 22 counts of theft and one count of unlawful acts regarding computers. Exh. 1 at 3. She ultimately pleaded guilty to a single count of theft. Exh. 5. Her counsel was not ineffective for informing her that, although the State retained the right to argue, he thought she was likely to receive probation. Indeed, Parole and Probation recommended probation. Custer does not allege that there is a reasonable probability that, but for her counsel's errors, she would not have pleaded guilty but would have insisted on going to trial. As Respondents point out, Custer acknowledged in an email to her counsel, as she weighed whether to enter into the guilty plea agreement, that even if she could present evidence as to the victim's alleged bad character: "I still had checks I cashed at banks and could still be convicted of forgery of checks, embezzlement and grand theft." Exh. 18 at 23.

Custer has not demonstrated that the Nevada Court of Appeal's decision was contrary to or involved an unreasonable application of <u>Strickland</u>. 28 U.S.C. § 2254(d). Accordingly, federal habeas relief is denied as to ground 3. The petition, therefore, is denied in its entirety.

**IV.     CERTIFICATE OF APPEALABILITY**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA").

7

Accordingly, the Court has sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); Turner v. Calderon, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. Id.

After reviewing its determinations and rulings in adjudicating Custer's petition, the Court finds that none of those rulings meets the Slack standard. The Court therefore declines to issue a certificate of appealability for its resolution of Custer's petition.

### V.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close this case.

DATED: August 22, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**